UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHLOE CARNEGIE,

    Plaintiff,

v.                                          Case No: 8:25-cv-739-CEH-AEP

HERITAGE PARK NURSING
CENTER LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Partial Final Judgment After Default (Doc. 14), filed on June 18, 2025. In the motion, Plaintiff requests partial final judgment after default in her favor and against Defendant Heritage Park Nursing Center LLC. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Plaintiff's Motion for Partial Final Judgment After Default.

## BACKGROUND

Chloe Carnegie ("Plaintiff" or "Carnegie") initiated this action against her former employer, Heritage Park Nursing Center, LLC ("Defendant" or "Heritage Park") in March 2025. Doc. 1. In a five-count Complaint, Carnegie sues Heritage Park for pregnancy discrimination and retaliation in violation of federal law (Counts I and II) and state law (Counts IV and V), and violation of the Pregnant Workers Fairness Act for failure to accommodate and adverse action (Count III). *Id.* When

Heritage Park failed to answer the Complaint, Carnegie moved for default against Defendant, and on May 14, 2025, a Clerk's Default was entered against Heritage Park. Docs. 11, 13. Now, Carnegie moves the Court pursuant to Fed. R. Civ. P. 55[1] to enter a partial final default judgment against Heritage Park. Doc. 14. In support, she attaches a copy of the Clerk's Default, a detailed description of her lost wages and expenses owed, and an affidavit of her lawyer regarding attorney's fees along with an itemization of costs and expenses. Her motion seeks a "Final Judgment After Default" against Heritage Park for lost income and front pay amounting to $19,160.00 plus $6,600 in attorney's fees and $485.04 in costs. Doc. 14 at 3.

## DISCUSSION

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear, pursuant to Federal Rule of Civil Procedure 55(b). *DirectTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). A defendant who defaults is deemed to have "admit[ted] the plaintiff's well-pleaded allegations of fact," *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), but "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law," *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[2]; *see GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d

---

[1] Carnegie cites to Fed. R. Civ. P. 58 in the first paragraph of her motion, but her memo of law relies upon the court's authority to enter default judgment under Rule 55.
[2] In *Bonner v. City of Prichard,* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

1355, 1359 (M.D. Fla. 2002) (explaining that allegations in a well-pleaded complaint are established as fact on entry of a default judgment, provided there is a stated claim that allows for relief and jurisdiction is established).

Additionally, a plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). As such, "the court must determine the amount and character of damages to be awarded." *Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co. Ltd.*, 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015). If default judgment is warranted, a court may hold a hearing to assess damages, but a hearing is not required where sufficient evidence is submitted to support the claimed damages. *Id.* Here, while Carnegie has submitted a declaration of her counsel as to the number of hours spent on the case and his hourly rate, the motion is silent as to the reasonableness of those hours and the reasonableness of the hourly rate. Where applicable, courts within the Eleventh Circuit assessing the reasonableness of a request for attorney's fees utilize the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1298–99 (11th Cir. 1988) ("applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates" and the "next step in the computation of the lodestar is the ascertainment of reasonable hours"). Plaintiff fails to provide information for this Court to apply the lodestar method.

Carnegie's two and one-half page "Motion for Partial Final Judgment After Default" fails to identify on which claim or claims Carnegie is seeking judgment; fails

3

to set forth the elements of Carnegie's claims against Defendant, with citation to legal authority; fails to show how the well-pleaded allegations of the complaint establish those elements; and fails to set forth a legal basis establishing entitlement to and amount of fees. Instead, the motion merely concludes that Carnegie is entitled to a default judgment under Rule 55 of the Federal Rules of Civil Procedure because the Clerk entered a default against Defendant. Doc. 14 at 1–2. However, Carnegie is not entitled to entry of a default judgment against Defendant simply because a clerk's default has been entered. *Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"); *Cloer v. Green Mountain Specialties Corp.*, No. 6:18-cv-999-Orl-PGB-KRS, 2018 WL 7287153, at *1 (M.D. Fla. Aug. 30, 2018) ("defaulted defendant is not, however, held to admit facts that are not well-pleaded or to admit conclusions of law") (internal quotations omitted). Consequently, the Motion for Default Judgment is deficient and due to be denied. *See, e.g., id; Sec'y of Labor, U.S. Dep't of Labor v. Gen. Projection Sys., Inc.*, No. 6:17-cv-855-Orl-RBD-KRS, 2018 WL 8129782, at *1–2 (M.D. Fla. Aug. 28, 2018). Therefore, the Court will deny without prejudice the Motion for Partial Final Judgment After Default. Carnegie may file an amended motion for default judgment within the time prescribed below.

    Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Partial Final Judgment After Default (Doc. 14) is **DENIED without prejudice**.

2. Plaintiff may file an amended motion for default judgment, which must be filed within **TWENTY-ONE (21) DAYS from the date of this order** and correct the deficiencies noted herein. Any amended motion must be supported by a memorandum of law that addresses the propriety of service, the elements of Plaintiff's claim or claims against Defendant for which she seeks judgment and whether the allegations of the complaint establish Defendant's liability and Plaintiff's damages, complete with citations to the complaint (by paragraph number), the record, and applicable law. To the extent that Plaintiff seeks attorney's fees, she shall set forth the legal basis for entitlement to attorney's fees and provide evidence regarding the reasonableness of the amount sought.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any.